IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EDD COX, JR.,

    Petitioner,

vs.                                                 Case No. 4:09cv265-RH/WCS

STATE OF FLORIDA,

    Respondent.

    _____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner Cox, proceeding pro se, filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. He filed a motion to proceed in forma pauperis, doc. 2, which is granted by separate order. He filed a supplement to the petition, with attached copies of the state appellate court's mandate of July 8, 2009. Doc. 3. As it was styled as "attachment motion of a motion to supplement" the document was filed by the clerk as a motion, and is granted by separate order. Review of the supplement reveals it is irrelevant at this time, however.

Petitioner then filed "a motion to considered [sic] timely motion," asking the court to issue a show cause order and provide the case number. Doc. 5. This contained a

different address than that previously provided to the court, prompting the clerk to amend the docket to reflect the correct address and sending Petitioner another notice with his case number. Docket entry of September 1, 2009. The motion is moot in part, as Petitioner received his case number and should be otherwise denied. As set forth ahead, summary dismissal of the petition is appropriate, and the court will not direct the filing of a response. § 2254 Rule 4 (the court may summarily dismiss or, if the petition is not dismissed, order the respondent to file an answer or other response) and Rule 5(a) ("[t]he respondent is not required to answer the petition unless a judge so orders.").

Most recently, Petitioner filed a motion for immediate release, asking the court to grant the petition and release him without delay. Doc. 7. This motion should also be denied, as there is no authority to grant § 2254 relief.

Petitioner challenges his convictions and sentences out of the Second Judicial Circuit, Gadsden County, case numbers 99-513 and 99-514. Doc. 1, p. 1.[1] He claims evidence was newly discovered on November 17, 2008, when a Circuit Judge "filed an order denying [his] grievance procedure." *Id.*, p. 5. Petitioner alleges, *inter alia*, that some of the documents were false as they are not on the record or court website, though the claims are not at all clear. *See Id.*, pp. 5-9.

Petitioner previously filed a § 2254 petition challenging the convictions in state case numbers 99-513 and 99-514, separate cases which were tried together and for which Petitioner was sentenced to two concurrent 15 year terms as an habitual felony

---

[1] The form petition begins at p. 2 (number on upper right), and Petitioner marks inserted pages (not part of the form) as i-iiii. The court references the actual page number – *e.g.*, the first page is referenced as p. 2 – which is also the number assigned to pages of the document as scanned in the electronic docket.

offender. Cox v. McDonough, case no. 4:06cv59-SPM/MD. The court found Petitioner entitled to no relief and his petition was denied. Docs. 22, 27 and 27 (report and recommendation, order adopting, and judgment entered on the docket on November 8, 2007) in that file.[2] He was denied a certificate of appealability by this court and the court of appeals, and a petition for writ of certiorari was denied. Docs. 35, 42, 43, and 46 in that file.

Petitioner must obtain authorization from the Eleventh Circuit before filing a second or successive § 2254 petition. § 2244(b)(3)(A); § 2254 Rule 9 ("[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").[3] He has not obtained authorization and this court lacks jurisdiction. *See, e.g.*, Tompkins v. Secretary, Dept. of Corrections, 557 F.3d 1257, 1259 (11th Cir.), *cert. denied*, 129 S.Ct. 1305 (2009) (noting that § 2244(b)(3)(A) requires district court to dismiss an unauthorized second or second petition for lack of jurisdiction) (citation omitted).

---

[2] The report and recommendation sets forth the procedural history of the state court case, including the state court case numbers, from which it is readily concluded the same judgment or judgments are at issue here. Doc. 22 in that case, pp. 2-3.

[3] Even if authorization is granted by the court of appeals, pursuant to § 2244(b)(4) the district court must dismiss a second or successive application unless it satisfies the requirements of § 2244(b)(2)(A), or § 2244(b)(2)(B)(i) and (ii).

It is therefore respectfully **RECOMMENDED** that the § 2254 petition be **SUMMARILY DISMISSED** as an unauthorized second or successive petition, and that Petitioner's motion to consider timely motion (doc. 5) and motion for immediate release (doc. 7) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 17, 2009.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**